Quarles & Brady LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ  85004-2391
TELEPHONE 602.229.5200

David E. Funkhouser III (#022449)
david.funkhouser@quarles.com
Julia J. Koestner (#031707)
Julia.koestner@quarles.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Flagstar Bank, FSB, a Michigan corporation; | NO. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Leighton Ward, an Arizona resident; Jeffrey Buhmiller, an Arizona resident; The Federal Postal Court, a purported federal court operating within Arizona; | |
| Defendants. | |

Plaintiff Flagstar Bank, FSB, for its Complaint against defendants Leighton Ward, Jeffrey Buhmiller, and the "Federal Postal Court" (collectively, "Defendants"), alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.      Plaintiff Flagstar Bank, FSB ("Flagstar") is a federal savings bank incorporated in the State of Michigan.  Flagstar's principal place of business is in Michigan.

2.      Upon information and belief, Defendant Leighton Ward ("Ward") is an Arizona resident, and during all relevant times, has resided in Lake Havasu City, Arizona.

3. Upon information and belief, Defendant Jeffrey Buhmiller ("Buhmiller") is an Arizona resident, and during all relevant times, has resided in Lake Havasu City, Arizona.

4. Upon information and belief, Defendant "Federal Postal Court" is a sham judicial operation, purportedly opened by Benjamin Franklin on July 4, 1775, closed in 1776 with the onset of the Revolutionary War and reopened again on December 21, 2012 by, among others, Defendant Ward.  Upon further information and belief, while the "Federal Postal Court" does not have a courthouse or other fixed location, it maintains transitory jurisdiction within Arizona with a presence wherever the federal postal eagle symbol may appear.

5. This Court has personal jurisdiction over Defendants because they are Arizona residents and/or sham entities operating in Arizona.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds the sum or value of $75,000.00.

## ALLEGATIONS

### Defendants Cause Fraudulent Recordings in Mohave County

7. Buhmiller holds a fee simple interest in the real property generally known as 2791 Cumberland Drive, in Lake Havasu City, Arizona (the "Property").

8. On or about March 14, 2014, Buhmiller applied for and obtained a loan from Horizon Community Bank in the original principal amount of $68,000.00 (the "Loan"), repayment of which was secured by a deed of trust (the "Deed of Trust") recorded March 21, 2014 against the Property at Mohave County Recorder's No. 2014012376.

9. Defendant Flagstar is listed as Trustee under the Deed of Trust and also services the Loan.

10. On or about November 1, 2016, Ward, presumably at Buhmiller's request, recorded a purported "Judgment" at Mohave County Recorder Fee No. 2016049746 (the

1  "Judgment").  A true and authentic copy of the "Judgment" is attached hereto as Exhibit
2  "1".

3     11.    The "Judgment," signed by Ward, purports to have been issued by the
4  alleged "Federal Postal Court."

5     12.    The "Federal Postal Court" maintains a website, federalpostalcourt.org,
6  which lists its "cases," and provides other information which is incomprehensible and
7  appears to be nonsense.  The website lists a Lake Havasu City mailing address.

8     13.    The Judgment "orders and adjudges" that "defendant(s) FLAGSTAR BANK
9  pay to plaintiff(s):  Jeffrey: Buhmiller the sum of $10,394,552.00 US Dollar Currency,
10 within 5 days upon notice of this Judgment."

11     14.    The Judgment further "orders and adjudges" that "defendant(s) FLAGSTAR
12 BANK submit a completed Deed of Conveyance to the County recorders office to show
13 the debt on the Deed of Trust Issued on ~14 ~March ~2014 for the property address 2791
14 CUMBERLAND DRIVE, LAKE HAVASU CITY, ARIZONA 86406 has been satisfied
15 and transfers title of the property to plaintiff(s):  Jeffrey: Buhmiller."

16     15.    The "Judgment" recorded by Ward purports to constitute a "Final Default
17 Judgment" in Buhmiller's favor, against Flagstar.

18     16.    On or about November 15, 2016, Ward, presumably at Buhmiller's request,
19 also recorded a purported "Writ of Execution" at Mohave County Recorder Fee No.
20 2016051854 (the "Writ").  A true and authentic copy of the "Writ" is attached hereto as
21 Exhibit "2."

22     17.    Like the "Judgment," the "Writ" is signed by Ward and purports to have
23 been issued by the "Federal Postal Court."

24     18.    The "Writ" states, among other things, that:

25     The Defendant(s), FLAGSTAR BANK has failed to comply within the
       specified time frame with the orders of the Federal Postal Court Judgment
26     Case Number RE062105195US recorded in MOHAVE County Recorders
       office.  Pursuant to FRCP 70(a)(b) & FRPC 71, 100% of the debts have
27     been deleted resulting from the Deed of Trust recorded on March 21, 2014
       with the Instrument Number 2014012376 for the property address 2791
28     CUMBERLAND DRIVE, LAKE HAVASU CITY, ARIZONA 86406

-3-

which is dated ~14 ~March ~2014 with the legal description of LOT 3, BLOCK 2, of TRACT 2274, LAKE HAVASU CITY, ARIZONA, ACCORDING TO THE PLAT THEREOF, RECORDING AUGUST 21, 1972, AT FEE NO. 72-16658 IN THE OFFICE OF THE COUNTY RECORDER OF MOHAVE COUNTY, ARIZONA. 100% of all rights, title & interest of this property have been divested from FLAGSTAR BANK and 100% of other nonparty's claiming to have any rights, title or interest and now 100% of all rights, title and interest of this property have now been vested to plaintiff(s): Jeffrey: Buhmiller.

19. When Flagstar became aware of the "Judgment," it retained counsel undersigned, who investigated the matter and thereafter drafted and served a letter upon Ward and Buhmiller demanding that the "Judgment" be released, and enclosed a Release to that effect for recording ("First Demand Letter"). A true and authentic copy of the First Demand Letter is attached hereto as Exhibit "3."

20. Flagstar personally served Buhmiller with the First Demand Letter on December 16, 2016 but, upon information and belief, Ward avoided personal service of the First Demand Letter. Nonetheless, Flagstar's counsel received certified mailing return receipts of the First Demand Letter from both Ward and Buhmiller. True and accurate copies of the Affidavit of Personal Service upon Defendant Buhmiller and return receipts signed by Defendants Ward and Buhmiller, are attached hereto as Exhibit "4."

21. Flagstar thereafter became aware of the "Writ" and, through counsel undersigned, served Ward and Buhmiller with a second letter, again demanding that the "Judgment" and "Writ" be released, and enclosed Releases to that effect. A true and authentic copy of the Second Demand Letter is attached hereto as Exhibit "5."

22. On information and belief, Ward avoided personal service of the Second Demand Letter, but counsel undersigned received certified mailing return receipts of the Second Demand Letter from both Ward and Buhmiller. True and accurate copies of the Affidavit of Personal Service upon Defendant Buhmiller and return receipts signed by both Defendant Ward and Buhmiller, are attached hereto as Exhibit "6."

23. Defendant Ward returned both the First and Second Demand Letters to counsel undersigned by mail, with nonsensical gibberish annotated thereupon, but

nonetheless confirming receipt of both the First and Second Demand Letters. Copies of Ward's Responsive Correspondence is attached hereto as Exhibit "7."

24. To date, neither Ward nor Buhmiller have recorded a release of the "Judgment" or the "Writ," despite formal demand.

25. On information and believe, Buhmiller requested that Ward both issue <u>and</u> record the "Judgment" and the "Writ" on his behalf, in an attempt to avoid his obligations under the Loan.

**A Federal Court Has Previously Declared the "Postal Court" to be a "Sham"**

26. Ward has attempted to assert legal authority under the "Federal Postal Court" in other matters, and his scheme has been rejected outright

27. On February 8, 2016, Ward attempted to register a similar "judgment" in the U.S. District Court for the District of Connecticut. In a decision dated March 7, 2016, District Judge Jeffrey Alker Meyer explained that "the 'Federal Postal Court' is a sham." Judge Meyer further explained that the "judgment" at issue in that case lacked any legal authority whatsoever. Judge Meyer's opinion mentions Ward by name as having participated in the case on behalf of the "Federal Postal Court." A copy of Judge Meyer's opinion is attached hereto as Exhibit "8."

28. At the time Ward recorded the "Judgment" and "Writ" against Flagstar eight months later, in November 2016, he knew that the documents were illegitimate. Ward thus intentionally recorded documents that he knew were groundless and contained false claims.

29. Ward's false recordings wrongly cloud the title to the Property and prejudice Flagstar's entire interest therein. The false recordings have also caused Flagstar to incur attorneys' fees.

30. The amount in dispute in this litigation is over $75,000 because Defendants have issued an invalid and unenforceable Judgment against Flagstar, Defendants' actions have put Flagstar's interest in the Property in jeopardy, have caused Flagstar expense in

investigating and attempting to undo Defendants' fraud, and are grounds for statutory damages under A.R.S. § 33-420.

## CLAIMS FOR RELIEF

### Count One--Recording False Documents (A.R.S. § 33-420)

31. Flagstar incorporates all of the foregoing allegations of this Complaint by reference as if fully set forth herein.

32. Taken together, the "Judgment" and the "Writ" purport to divest Flagstar of its interest in the Property, create a new, free-and-clear interest in the Property for Buhmiller, and create a $10,394,552.00 debt owed from Flagstar to Buhmiller.

33. The "Judgment" and "Writ" are groundless, contain false claims, and are invalid. Neither document is authorized by statute, judgment, or other legal authority. On the contrary, a federal court has declared that the "Federal Postal Court" lacks any legal authority whatsoever and is a "sham."

34. Defendants caused the "Judgment" and "Writ" to be recorded in the Office of the Mohave County Recorder, knowing that those documents are groundless, contain false claims, and are invalid.

35. Defendants are named in the "Judgment" and "Writ" and know that the documents are groundless and constitute false claims.

36. Pursuant to A.R.S. § 33-420(A), Defendants are liable to Flagstar for statutory damages, or trebled actual damages, whichever is greater, plus its attorneys' fees and costs, in an amount to be determined at trial.

37. Pursuant to A.R.S. § 33-420(B), Flagstar is entitled to a declaration clearing title to the Property.

38. To the extent Buhmiller did not actually *cause* the "Judgment" and "Writ" to be recorded, he is nonetheless liable to Flagstar for damages pursuant to A.R.S. § 33-420(C) because he is named in the documents, knows they are groundless, and has not effectuated the release of the same within twenty days of Flagstar's demand for the same.

**Count Two--Federal Declaratory Judgment (28 U.S.C. § 2201 *et seq*.)**

39. Flagstar incorporates all of the foregoing allegations of this Complaint by reference as if fully set forth herein.

40. There is a present, justiciable controversy between Plaintiff and the Defendants regarding the validity, or lack thereof, regarding both the Judgment and the Writ issued by the "Federal Postal Court."

41. Flagstar alleges that the "Federal Postal Court" is a sham and that the purported Judgment and Writ issued by the "Federal Postal Court" do not arise from any valid legal authority whatsoever.

42. By reason of the foregoing, and pursuant to 28 U.S.C. § 2201, a declaratory judgment is both necessary and proper to confirm that the "Federal Postal Court" is a sham and that the purported Judgment and Writ issued by the "Federal Postal Court" do not arise from any valid legal authority whatsoever.

**PRAYER FOR RELIEF**

Flagstar requests the following relief:

A. Flagstar's statutory damages, or trebled actual damages, whichever is greater, plus its attorneys' fees and costs, as provided by A.R.S. § 33-420(A);

B. An Order preserving Flagstar's recorded interest in and to the Property, as provided by A.R.S. § 33-420(B);

C. Flagstar's statutory damages, or trebled actual damages, whichever is greater, plus its attorneys' fees and costs, as provided by A.R.S. § 33-420(C);

D. A judgment declaring that the "Judgment" and "Writ" are fraudulent, groundless and void, and that title to the Property is cleared as to the same, as provided by 28 U.S.C. § 2201;

E. An Order requiring Defendants to Show Cause why the "Federal Postal Court" should not be immediately and permanently disbanded as it is not a court authorized by Article III of the United States Constitution, nor has it been granted authority by Congress to adjudicate disputes on behalf on the federal government;

F.   Temporary and permanent injunctive relief enjoining Defendants from further violations of A.R.S. § 33-420 and from further unlawful, fraudulent, and/or deceptive acts, including, but not limited to, purporting to act with legal authority by and through the "Federal Postal Court;"

G.   For reasonable costs and expenses, including attorneys' fees incurred in connection with the "Judgment" and "Writ" and in the prosecution of this action to the extent allowed by statutory or common law;

H.   For an award of pre- and post-judgment interest; and

I.   For such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 3rd day of March, 2017.

> QUARLES & BRADY LLP
> Renaissance One
> Two North Central Avenue
> Phoenix, AZ  85004-2391
>
> By */s/ David E. Funkhouser*
>     David E. Funkhouser
>     Julia J. Koestner
> *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2017, I caused a true and correct copy of the foregoing document to be filed with the Clerk of the Court through the U.S. District Court Electronic Court Filing System, which caused notice of such filing to be sent electronically to the registered attorneys of record.

*/s/ Debra L. Hitchens*