IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Flagstar Bank, FSB, | No. CV-17-08044-PCT-SPL |
| Plaintiff, | |
| vs. | **PRELIMINARY ORDER** |
| Leighton Ward, et al., | |
| Defendants. | |

This action having recently come before this Court, the parties are advised of the following preliminary policies and procedures that will govern these proceedings.

**Rules of Civil Procedure**

Both counsel and *pro se* litigants must abide by the Local Rules of Civil Procedure ("LRCiv" or "Local Rules"), Rules of Practice of the U.S. District Court for the District of Arizona, and the Federal Rules of Civil Procedure.[1]

**Communication with the Court**

As a general matter, all communications with the Court should be made on the record through the filing of a pleading, motion, application, brief, or similar filing permitted by the Local and Federal Rules of Civil Procedure. Telephone calls regarding routine administrative matters in civil cases should be directed to this Court's Judicial Assistant at (602) 322-7550. Telephone calls regarding criminal cases should be directed

---

[1] The Local Rules are available at: http://www.azd.uscourts.gov/local-rules, and the Federal Rules are available at: http://www.uscourts.gov/uscourts/rules/civil-procedure.pdf

to this Court's Courtroom Deputy at (602) 322-7235. Direct communications with law clerks is prohibited. No member of chambers staff will provide the parties with legal advice concerning any matter.

## Service and Answer Deadline

Rule 4 of the Federal Rules of Civil Procedure requires that service be completed within *90 days* of the date of the filing of a complaint, and that a plaintiff *must timely file proof of service* with the Clerk of Court. Rule 12 of the Federal Rules of Civil Procedure sets forth the time for filing an answer or other responsive filing.

As will be repeated throughout the duration of this case, the Court has a strict policy not to extend the dispositive motion deadline beyond the two-year anniversary of the commencement of a case. Therefore, plaintiffs are encouraged to expeditiously complete service and to avoid unnecessary extensions of the answer deadline so that the pretrial period may be preserved for discovery and motion practice.

## Rule 12(b) Certification and Motions to Dismiss

Any motion pursuant to Rule 12(b) of the Federal Rules of Civil Procedure is discouraged if any defect can be cured by filing an amended pleading. Therefore, the Court *requires*: (1) that the parties must meet and confer prior to filing a motion to dismiss to determine whether it can be avoided; (2) that a certificate of conferral must be *attached* to any motion to dismiss indicating that the parties have conferred to determine whether an amendment could cure a deficient pleading, and have been unable to agree that the pleading is curable by a permissible amendment; and (3) that any motion to dismiss which lacks such attached certification is subject to being stricken by the Court.

## Motions to Amend and Notices of Amendment

Parties shall endeavor not to oppose motions to amend that are filed prior to any Rule 16 Case Management Conference or the deadline set forth by any Rule 16 Case Management Order. Any motion for leave to amend or notice of amendment must be filed in accordance with Rule 15.1 of the Local Rules of Civil Procedure. Any motion or notice that does not comply with the local rule is subject to being stricken.

**Rule 16 Case Management Conference and Order**

The Court will schedule a preliminary pretrial conference in accordance with Rule 16 of the Federal Rule of Civil Procedure after a defendant has filed an appearance or pleading. As will be directed in the Court's order setting the case management conference, the parties will be required to engage in a Rule 26(f) meeting and submit a *joint* report and proposed scheduling order. Nothing prevents the parties from convening a Rule 26(f) meeting on their own initiative at an earlier date. Outstanding motions or requests to continue the case management conference will not excuse the requirement to hold a Rule 26(f) meeting or submit the parties' Rule 26(f) report.

The Court will issue a Case Management Order following the date of the scheduled conference. The Order will reflect the parties' input and the Court's considered assessment of the time necessary to complete discovery and all pretrial submissions, and will set forth additional policies and procedures that will apply in this case.

**Discovery**

As will be reiterated throughout the course of this case, this Court encourages parties to make a reasonable effort to resolve discovery disputes without Court intervention. This Court does not conduct telephone conferences to resolve any dispute that might arise during a deposition or other discovery disputes among the parties. As will be addressed in the Court's Case Management Order, the parties will be required to file a joint motion to resolve discovery disputes in instances necessitating the Court's assistance.

**Protective Orders, Confidentiality Agreements, and Motions to Seal**

As a general practice, this Court does not approve or adopt blanket, umbrella protective orders or confidentiality agreements, even when stipulated to by the parties. In the event discovery mandates disclosure of specific, harmful, confidential material, the Court will entertain a request for a protective order at that time if it is tailored to protect the particular interests at hand in accordance with Rule 26 of the Federal Rules of Civil Procedure. Further, the fact that the parties have designated materials or information as

confidential pursuant to an agreement or stipulation does not mean that the Court will order that the filings containing such information be placed under seal. Any party wishing to shield such records and documents from public view must prove why the interest in secrecy outweighs the presumption of public access to judicial records and documents.

**Oral Arguments and Evidentiary Hearings**

This Court does not have a preset schedule for setting oral arguments and evidentiary hearings. This Court will schedule oral arguments and evidentiary hearings when warranted and advise the parties accordingly. Any party desiring oral argument should request it by noting it below the title of the related filing, *see* LRCiv 7.2(f), and any party desiring an evidentiary hearing should request it in the body of its filing. Separate motions or requests for oral argument or evidentiary hearings are subject to being stricken or may be modified on the docket to a notice.

**Copies**

A paper copy of any document filed exceeding ten (10) pages in length must be submitted to chambers. Documents which are too large for stapling must be submitted in a three-ring binder. Electronic copies of proposed orders must be emailed in Microsoft Word® format to Logan_Chambers@azd.uscourts.gov.

**Noncompliance**

The parties are specifically admonished that failure to prosecute, to comply with court orders, or to comply with the local and federal rules may result in dismissal of all or part of this case, imposition of sanctions, or summary disposition of matters pending before the Court. *See* LRCiv 7.2; Fed. R. Civ. P. 41. The parties having been so advised,

**IT IS ORDERED** that Plaintiff shall serve a copy of this Order upon Defendants and file notice of service.

Dated this 3rd day of March, 2017.

Honorable Steven P. Logan
United States District Judge