Quarles & Brady LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ  85004-2391
TELEPHONE 602.229.5200

David E. Funkhouser III (#022449)
david.funkhouser@quarles.com
Julia J. Koestner (#031707)
Julia.koestner@quarles.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Flagstar Bank, FSB, a Michigan corporation;<br><br>        Plaintiff,<br><br>    vs.<br><br>Leighton Ward, an Arizona resident; Jeffrey Buhmiller, an Arizona resident; The Federal Postal Court, a purported federal court operating within Arizona;<br><br>        Defendants. | NO. 3:17-cv-08044-PCT-SPL<br><br>**FLAGSTAR BANK, FSB'S MOTION WITHOUT NOTICE FOR LEAVE TO UTILIZE ALTERNATIVE METHOD OF SERVICE OF PROCESS UPON THE FEDERAL POSTAL COURT** |

Plaintiff Flagstar Bank, FSB ("Flagstar") hereby moves under Fed. R. Civ. P. 4(h)(1)(A) and 4(e)(1) for an order permitting alternative service upon Defendant The Federal Postal Court (the "Postal Court"). Flagstar respectfully requests an order authorizing alternative service upon The Postal Court by (1) mailing process to the Postal Court via certified mail at the address listed on its website; and (2) serving process for the Postal Court upon Defendant Leighton Ward, the purported "Clerk of Court" for the Postal Court ("Ward"). This Motion is made without notice to any of the named Defendants.

**I.    Legal Standard for Permitting Alternative Service.**

In conjunction, Rules 4(h)(1)(A) and 4(e)(1) permit process to be served on a corporation or association pursuant to "state law for serving a summons in an action

brought in courts of general jurisdiction in the state where the district court is located or where service is made." F. R. Civ. P. 4(e)(1); *see also* F. R. Civ. P. 4(h)(1)(A). Under Arizona law, when personal service has become impracticable, service by alternative means is permitted as follows:

> **Alternative or Substituted Service.** If service by one of the means set forth in the preceding paragraphs of this Rule 4.1 proves impracticable, then service may be accomplished in such manner, other than by publication, as the court, upon motion and without notice, may direct. Whenever the court allows an alternate or substitute form of service pursuant to this subpart, reasonable efforts shall be undertaken by the party making service to assure that actual notice of the commencement of the action is provided to the person to be served and, in any event, the summons and the pleading to be served as well as any order of the court authorizing an alternative method of service, shall be mailed to the last known business or residence address of the person to be served.

Ariz. R. Civ. P. 4.1(k).

"If alternative service of process is appropriate, any proposed alternative method of service must comport with constitutional notions of due process. To meet such a requirement, the alternative method of service 'must be reasonably calculated under all the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *BMO Harris Bank, N.A. v. Guthmiller*, 2014 WL 2600362, at *2 (D. Ariz. June 10, 2014) (citations omitted).

**II.    Personal Service Upon The Postal Court Is Impracticable.**

As District Judge Jeffrey Alker Meyer has explained, "the 'Federal Postal Court' is a sham and no more than a product of fertile imagination." *Gilly v. Ocwen*, 2016 WL 868167, at *3 (D. Conn. Mar. 7, 2016). Moreover, in that same decision, it was noted that "[t]he 'Federal Postal Court' does not have a courthouse or other fixed location [and] instead maintains "transitory jurisdiction with a presence wherever the federal postal eagle symbol may be." *Id.* at *2. Consequently, it is extremely difficult and inconvenient to strictly comply with the service requirements of Rule 4(h)(1)(B). *See* F. R. Civ. P. Rule 4(h)(1)(B) (for corporation or association, requiring personal service upon "an officer, a

managing or general agent, or any other agent authorized . . . to receive service of process").

According to its website, the Postal Court receives mail at a P.O. Box in Lake Havasu City, Arizona. [*See* Postal Court Contact Page, attached hereto as Exhibit "A."] Nonetheless, the Postal Court is not a registered business entity in Arizona. [*See* Ariz. Corp. Comm'n Search Results, attached hereto as Exhibit "B."] To Flagstar's knowledge, the Postal Court does not have a courthouse, storefront, or other physical presence; it does not have a statutory agent; and the identities and whereabouts of its officers, directors, and agents authorized to receive service—to the extent there are any—are unknown. *See, e.g., Blair v. Burgener*, 245 P.3d 898, 904 (Ariz. Ct. App. 2010) ("the showing for alternative service requires something less than a complete inability to serve the defendant," and may be met with a showing that "the usual means would have been 'extremely difficult or inconvenient'"); *see also OEM Grp. Inc. v. SEMSYSCO Inc.*, 2014 WL 1245084, at *2 (D. Ariz. Mar. 24, 2014) ("Attempts at conventional service are not, however, prerequisites for alternate service."). That the Postal Court is a sham makes the usual means of service upon it "extremely difficult or inconvenient."

### III.    Service Via Mail And Upon Defendant Ward Comports With Due Process.

Service via certified mail to the P.O. Box listed on the Postal Court's website and via Defendant Ward is "reasonably calculated under all the circumstances" to notify the Postal Court of this action and to allow it to defend itself, thus comporting with "constitutional notions of due process." *See BMO Harris Bank,* 2014 WL 2600362, at *2.

As explained above and at Exhibit "B," the Postal Court receives mail at a P.O. Box in Lake Havasu City, Arizona. Moreover, Defendant Ward is listed on the "Staff" page of the Postal Court's website, and is designated as a "Federal-Postal-Court Clerk." [*See* Postal Court Staff Page, attached hereto as Exhibit "C."] Claiming authority of the Postal Court, Ward has recorded certain documents through the Recorder's Office in Mohave County, Arizona. [*See generally* Dkt. 1.] Judge Meyer also mentioned Ward by name in his order striking the registration of a Postal Court "judgment." *Gilly*, 2016 WL

868167, at *1.

Accordingly, because service by mail to the Postal Court's P.O. Box and via Defendant Ward is reasonably calculated to apprise the Postal Court of this action and afford it an opportunity to present its objections, Flagstar respectfully requests that the Court enter an order allowing service by those alternative means.

RESPECTFULLY SUBMITTED this 6th day of March, 2017.

QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391

By */s/ David E. Funkhouser*
David E. Funkhouser
Julia J. Koestner

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2017, I caused a true and correct copy of the foregoing document to be filed with the Clerk of the Court through the U.S. District Court Electronic Court Filing System, which caused notice of such filing to be sent electronically to the registered attorneys of record.

*/s/ Debra L. Hitchens*