Quarles & Brady LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ  85004-2391
TELEPHONE 602.229.5200

David E. Funkhouser III (#022449)
david.funkhouser@quarles.com
Julia J. Koestner (#031707)
Julia.koestner@quarles.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Flagstar Bank, FSB, a Michigan corporation;<br><br>    Plaintiff,<br><br>vs.<br><br>Leighton Ward, an Arizona resident; Jeffrey Buhmiller, an Arizona resident; The Federal Postal Court, a purported federal court operating within Arizona;<br><br>    Defendants. | NO. 3:17-cv-08044-PCT-SPL<br><br>**MOTION TO STRIKE ANSWER OF DEFENDANTS LEIGHTON WARD AND THE FEDERAL POSTAL COURT** |

Pursuant to Rule 12(f)(2) of the Federal Rules of Civil Procedure, Plaintiff Flagstar Bank FSB ("Flagstar") hereby moves to strike the Answer of Defendants Leighton Ward and the "Federal Postal Court" (the "Answer" (Doc. 11)).

In federal court, an answer must "state in short and plain terms its defenses" and admit or deny each allegation in the Complaint. *See* Fed. R. Civ. P. 8(b)(1). A denial must "fairly respond to the substance of the allegation." *See* Fed. R. Civ. P. 8(b)(2). And, matter in an answer that is immaterial or impertinent may be struck from the record. *See* Fed. R. Civ. P. 12(f).

Here, rather than respond to the Complaint in any meaningful way, the Answer purports to initiate proceedings in the "Federal Postal Court," a sham entity which has no authority over Flagstar or this Court. *See* Doc. 11 at 1–7; Doc. 14 (stating that Defendants

1  "have no authority to demand a conference call in an answer filed in federal court"); *see*
2  *also Gilly v. Ocwen*, 2016 WL 868167, at *3 (D. Conn. Mar. 7, 2016) (concluding that
3  "the 'Federal Postal Court' is a sham"). The Answer also attaches Flagstar's Complaint,
4  with incomprehensible and frivolous annotations thereupon. *See* Doc. 11 at 9–28. One
5  need only glance at the Answer to conclude that it fails to "concisely and directly answer
6  each allegation in the Complaint as required by Fed. R. Civ. P. 8." *See Mircromed Tech.,*
7  *Inc. v. Birdsall*, 2014 WL 129049, at *2 (D. Ariz. Jan. 3, 2014).

8       The Answer filed by Leighton Ward and the "Federal Postal Court" not only fails
9  to comply with Rule 8, but also consists entirely of immaterial and impertinent matter.
10 *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) ("Immaterial
11 matter is that which has no essential or important relationship to the claim for relief or the
12 defenses being plead" and "[i]mpertinent matter consists of statements that do not pertain,
13 and are not necessary, to the issues in question." (citations omitted)).  This case is about
14 Defendants' fraudulent recording of documents with the Mohave County Recorder. *See*
15 *generally* Doc. 1. The Answer fails entirely to address those allegations or otherwise
16 respond in any comprehensible or meaningful way. Flagstar, therefore, respectfully
17 requests that the Court strike the Answer, in its entirety, from the record pursuant to Rule
18 12(f)(2).[1]

19      RESPECTFULLY SUBMITTED this 11th day of April, 2017.

20                     QUARLES & BRADY LLP
                          Renaissance One
21                     Two North Central Avenue
22                     Phoenix, AZ  85004-2391

23                     By */s/ David E. Funkhouser*
                        David E. Funkhouser
24                         Julia J. Koestner
25                     *Attorneys for Plaintiff*

26

---

27 [1] The Answer is also subject to removal from the record pursuant to L.R. Civ. 7.1(5), for failure to comply with *at least* L.R. Civ. 7.1(a) (title page requirement), 7.1(b)(1) (format requirement), and
28 7.1(d)(1) (directive to not attach pleadings to subsequent pleadings).

**CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2017, I caused a true and correct copy of the foregoing document to be filed with the Clerk of the Court through the U.S. District Court Electronic Court Filing System, which caused notice of such filing to be sent electronically to the registered attorneys of record.

*/s/ Debra L. Hitchens*