IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Flagstar Bank, FSB, | No. CV-17-08044-PCT-SPL |
| Plaintiff, | |
| vs. | **ORDER SETTING RULE 16 CASE MANAGEMENT CONFERENCE** |
| Leighton Ward, et al., | |
| Defendants. | |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court enters the following Order.

**IT IS ORDERED**:

**I.    CASE MANAGEMENT CONFERENCE**

A Case Management Conference is set for **June 13, 2017 at 9:30 a.m.**, before the Honorable Judge Steven P. Logan, United States District Judge, in Courtroom 501, Sandra Day O'Connor United States Courthouse, 401 West Washington Street, Phoenix, Arizona 85003. Counsel who will be responsible for trial of the lawsuit for each party, and any party that is not represented by counsel, shall appear and participate in the Case Management Conference and shall have authority to enter into stipulations regarding all matters that may be discussed.  A continuance of the Case Management Conference will be granted only for good cause.

**II.    RULE 26(F) MEETING**

The parties are directed to meet and confer at least **fourteen (14) days** before the

Case Management Conference as required by Rule 26(f) of the Federal Rules of Civil Procedure. It is the responsibility of Plaintiff to initiate the Rule 26(f) Meeting, and Defendants shall promptly and cooperatively participate in the Rule 26(f) Meeting.

### III. PARTIES' JOINT SUBMISSIONS

At the Rule 26(f) Meeting, the parties shall ***jointly*** develop and file with the Clerk of Court no later than **June 2, 2017**, each of the following, as outlined below: (1) a Joint Rule 26(f) Case Management Report, and (2) a Joint Proposed Rule 16 Case Management Order.

### Joint Rule 26(f) Case Management Report

The parties' Joint Rule 26(f) Case Management Report shall contain the following information in separately numbered paragraphs:

1. **Attendance**: The parties who attended the Rule 26(f) Meeting and assisted in developing the parties' joint submissions;

2. **Service**: The parties, if any, which have not been served and an explanation of why they have not been served, and any parties which have been served but have not answered or otherwise appeared;

3. **Nature of Case**: The nature of the case, including a brief description (3 pages or less) of the principal factual disputes and legal basis of Plaintiff's claims and Defendants' defenses;

4. **Jurisdiction**: The jurisdictional basis for the case, citing specific statutes. If jurisdiction is based on diversity of citizenship, the report *shall* include a statement of the citizenship of every party and a description of the amount in dispute;[1]

---

[1] The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides. *See* 28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 559 U.S. 77, 80, 92-93 (2010); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The parties are further reminded that the use of fictitious parties (e.g., "John Doe" or "ABC Corporation") "casts no magical spell on a complaint otherwise lacking in diversity jurisdiction." *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir.

5. **Additions and Amendments**: Whether any party expects to add additional parties to the case or otherwise amend the pleadings;

6. **Related Cases**: The status of related cases pending before other courts or other judges of this District;

7. **Initial Disclosures**: Whether the parties have exchanged initial disclosures under Rule 26(a) of the Federal Rules of Civil Procedure;[2]

8. **Discovery Limitations**: Suggested changes, if any, in the limitations on discovery imposed by the Federal Rules of Civil Procedure;

9. **Electronic Information**: Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it will be produced;

10. **Request for Jury Trial**: Whether a jury trial has been requested and whether the request for a jury trial is contested. If the request for a jury trial is contested, the parties shall set forth the reasons why a trial by jury is in dispute;

11. **Trial**: The estimated date that the case will be ready for trial, the estimated length of trial, and any suggestions for shortening the trial;

12. **Expedited Trial Alternative**: Certification that counsel for each party has discussed with his or her client, or each *pro se* litigant has considered, the expedited trial alternative addressed below;

13. **Consent to Magistrate Judge**: Whether the parties consent to the transfer of the case to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c);

14. **Settlement**: The prospects for settlement, and whether the case is suitable for referral to a United States Magistrate Judge for the purpose of holding a

---

1970) (citations omitted).

[2]   Full compliance with Rule 7.1 of the Federal Rules of Civil Procedure is required by Plaintiff and Defendants, if applicable. A Corporate Disclosure Statement form is available on the District Court's website at http://www.azd.uscourts.gov/forms.

settlement conference, or whether the case is suitable for an alternative method of dispute resolution; and

**15. Modified Procedures**: Suggested modification of pretrial procedures due to the simplicity or complexity of the case, for example:

　　i. **Class Action**: If either party is presenting their case as a class action, the parties shall propose a deadline for motions for class certification;

　　ii. **Patent Action**: If either party believes a *Markman* hearing[3] will be necessary, the parties shall propose dates for holding the *Markman* hearing;

　　iii. **ERISA[4] Action**: If the parties jointly agree to resolve this action through cross briefing, *in lieu of filing the attached Joint Proposed Rule 16 Case Management Order*, the parties shall propose a deadline for each of the following:

　　　　(a) Initial disclosures;

　　　　(b) Completion of disclosure of materials (previously undisclosed) that either party contends should be considered as part of the record on review;

　　　　(c) Filing of the Administrative Record;

　　　　(d) Filing of Plaintiff's Opening Brief;

　　　　(e) Filing of Defendants' Response Brief;

　　　　(f) Filing of Plaintiff's Reply Brief; and

　　　　(g) Completion of Good Faith Settlement Talks;

**16. Additional Matters**: Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner.

---

[3] *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).

[4] Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*.

**Joint Proposed Rule 16 Case Management Order**

The parties shall also complete and file the attached fillable Joint Proposed Rule 16 Case Management Order, providing the specific dates jointly proposed by the parties for the following deadlines (where indicated): initial disclosures; completion of discovery; completion of disclosures of expert testimony; completion of expert depositions; filing of dispositive motions; and completion of good faith settlement talks. If the parties are unable to agree regarding specific deadlines, both proposed dates shall be included in the proposed order.[5]

The Court emphasizes that it has a strict policy not to extend the dispositive motion deadline beyond the *two-year anniversary* of the date of commencement of an action, and proposed deadlines should be devised cautiously.

**IV.   EXPEDITED TRIAL ALTERNATIVE**

The parties may elect to take this case directly to trial, whether jury or bench trial, without discovery and without motion practice. The intent of this expedited trial alternative is to afford parties a ready trial forum in which cases can be resolved without the time and expense normally required for discovery and motion practice.

An expedited trial will be held in this case if *all* parties agree to such a trial. If the parties elect to proceed to an expedited trial, no formal discovery or motion practice will occur and, at the Rule 16 Case Management Conference scheduled above, the Court will set a Final Pretrial Conference. It may be anticipated that an expedited trial will likely occur within four or five months following the Rule 16 Case Management Conference.

Counsel for each party must discuss this expedited trial alternative with his or her client. As part of this discussion, counsel must provide his or her client with two good faith estimates of the costs (including attorneys' fees) of litigating this case to completion: (1) an estimate of the cost if an expedited trial is elected, and (2) an estimate

---

[5]   *Example* - **Dispositive Motion Deadline**: Dispositive motions shall be filed no later than 1/1/14 (Plaintiff), 1/2/14 (Defendants).

of the cost if an expedited trial is not elected and typical discovery and motion practice occur. The intent of this requirement is to ensure that clients clearly understand the potential cost savings of an expedited trial. If the parties identify other expedited procedures that might reduce the cost of litigating this case to completion, such as limited discovery leading to an expedited trial with no motion practice, the parties may propose such procedures in the Joint Rule 26(f) Case Management Report.

Dated this 1st day of May, 2017.

Honorable Steven P. Logan
United States District Judge