Quarles & Brady LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ  85004-2391
TELEPHONE 602.229.5200

David E. Funkhouser III (#022449)
david.funkhouser@quarles.com
Julia J. Koestner (#031707)
Julia.koestner@quarles.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Flagstar Bank, FSB, a Michigan corporation;<br><br>  Plaintiff,<br><br>  vs.<br><br>Leighton Ward, an Arizona resident; Jeffrey Buhmiller, an Arizona resident; The Federal Postal Court, a purported federal court operating within Arizona;<br><br>  Defendants. | NO. 3:17-cv-08044-PCT-SPL<br><br>**JOINT RULE 26(F) CASE MANAGEMENT REPORT** |

Pursuant to the Court's Order dated May 1, 2017 [Dkt. 18], Plaintiff Flagstar Bank, FSB ("Flagstar") and Defendant Jeffrey Buhmiller ("Buhmiller") (collectively, the "Parties") jointly file this Rule 26(f) Case Management Report.[1]  The Parties jointly state as follows:

**1.    Attendance at Rule 26(f) Meeting:**  David Funkhouser and Julia Koestner (counsel for Flagstar) and Buhmiller (on his own behalf) attended a Rule 26(f) Meeting by teleconference on May 30, 2017.

---

[1] The Clerk of Court entered default against Defendants Leighton Ward and The Federal Postal Court on May 9, 2017, Dkt. 20, and those Defendants have subsequently failed to respond or otherwise defend themselves in this matter.  Those Defendants did not respond to Flagstar's attempts to meet and confer for purposes of this filing.

2. **Service:** All defendants have been served. Defendants Leighton Ward ("Ward") and The Federal Postal Court filed an Answer that the Court subsequently struck from the record pursuant to Rules 8(b) and 12(f) of the Federal Rules of Civil Procedure. [Dkt. 17.] Ward and The Federal Postal Court have not otherwise answered or otherwise appeared, and the Clerk of Court entered default against them on May 9, 2017. [Dkt. 20.]

3. **Nature of Case:**

<u>Flagstar</u>: This case involves a "sham" court which has exercised its non-existent jurisdiction in violation of Arizona's false recording statutes. Specifically, under the guise of the "Federal Postal Court," Defendants have recorded two documents with the Mohave County Recorder which purport to (1) divest Flagstar's interest in certain real property owned by Buhmiller in Lake Havasu City, Arizona; and (2) enter a $10,394,552.00 "judgment" against Flagstar in Buhmiller's favor. Plaintiff filed this Complaint for damages under A.R.S. § 33-420 and for a declaratory judgment declaring the recordings at issue to be fraudulent, groundless, and void.

<u>Buhmiller</u>: Buhmiller denies that he requested Ward and The Federal Postal Court to record the two documents that Flagstar alleges are fraudulent. Subsequent to the filing of the Complaint, Buhmiller recorded releases of those documents.

4. **Jurisdiction:** This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between Flagstar and Defendants, and the amount in controversy exceeds the sum or value of $75,000.00. Flagstar is a citizen of the State of Michigan. Buhmiller is a citizen of Arizona. On information and belief, Ward and The Federal Postal Court are citizens of Arizona. The amounts in dispute are the $10,394,552.00 "judgment" recorded against Flagstar; the approximately $65,000.00 balance on Buhmiller's mortgage; $6,000 in statutory damages as against Ward and The Federal Postal Court; $6,000 in statutory damages as against Buhmiller; and approximately $15,250.00 in attorneys' fees and costs incurred to date by Flagstar in connection with this dispute.

5. **Additions and Amendments:** Neither Flagstar nor Buhmiller expects to add

additional parties to the case or otherwise amend the pleadings.

**6.** **Related Cases:** The Parties are aware of two cases which, on information and belief, may be related to this matter:

- No. J-0804-FR-201700421, *State v. Leighton Ward*, Lake Havasu City Justice Court (criminal case filed May 4, 2017; arrest warrant issued May 4, 2017)
- No. S-8015-CV-201700369, *State v. Leighton Ward*, Mohave County Superior Court (civil case filed May 9, 2017; order to show cause issued May 18, 2017).

**7.** **Initial Disclosures:** The Parties will exchange initial disclosures on or before June 13, 2017.

**8.** **Discovery Limitations:** The Parties do not suggest any changes on the limitations of discovery imposed by the Federal Rules of Civil Procedure.

**9.** **Electronic Information:** The Parties have no issues relating to disclosure or discovery of electronically-stored information ("ESI"), and do not anticipate exchanging a large amount of relevant ESI. Upon service of discovery, the Parties will agree upon an acceptable form of production of ESI.

**10.** **Request for Jury Trial:** Neither Flagstar nor Buhmiller has requested a jury trial.

**11.** **Trial:** The Parties estimate that the case will be ready for trial by December 1, 2017.

**12.** **Expedited Trial Alternative:** Counsel for Flagstar has discussed with Flagstar, and Buhmiller has considered, the expedited trial alternatives addressed in the Court's May 1, 2017 Order.

**13.** **Consent to Magistrate Judge:** Flagstar does not consent to the transfer of the case to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Buhmiller has not taken a position with respect to transfer of the case to a Magistrate Judge.

**14.** **Settlement:** The Parties are actively engaged in ongoing settlement discussions.

**15.** **Modified Procedures:** The Parties do not suggest any modified pretrial procedures.

**16.** **Additional Matters:** None.

RESPECTFULLY SUBMITTED this 2nd day of June, 2017.

> QUARLES & BRADY LLP
> Renaissance One
> Two North Central Avenue
> Phoenix, AZ  85004-2391
>
> By */s/ David E. Funkhouser*
>     David E. Funkhouser
>     Julia J. Koestner
>
> *Attorneys for Plaintiff*
>
>
> By */s/ Jeffrey Buhmiller (with permission)*
>     Jeffrey Buhmiller
>
>     *Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2017, I caused a true and correct copy of the foregoing document to be filed with the Clerk of the Court through the U.S. District Court Electronic Court Filing System, which caused notice of such filing to be sent electronically to the registered attorneys of record.

*/s/ Debra L. Hitchens*