Quarles & Brady LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ  85004-2391
TELEPHONE 602.229.5200

David E. Funkhouser III (#022449)
david.funkhouser@quarles.com
Julia J. Koestner (#031707)
Julia.koestner@quarles.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Flagstar Bank, FSB, a Michigan corporation;<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Leighton Ward, an Arizona resident; Jeffrey Buhmiller, an Arizona resident; The Federal Postal Court, a purported federal court operating within Arizona;<br><br>　　　　　Defendants. | NO. 3:17-cv-08044-PCT-SPL<br><br>**JOINT PROPOSED RULE 16 CASE MANAGEMENT ORDER** |

On June 13, 2017, a Case Management Conference was held in open Court pursuant to Rule 16 of the Federal Rules of Civil Procedure.  Prior to the conference, the parties met and prepared a Joint Rule 26(f) Case Management Report and Joint Proposed Rule 16 Case Management Order.  On the basis of the Case Management Conference and the parties' submissions, the Court enters the following Order.

**IT IS ORDERED:**

**I.　RULES**

All parties must abide by the Federal Rules of Civil Procedure and the Local Rules of Civil Procedures ("LRCiv" or "Local Rules"), Rules of Practice of the U.S. District

Court for the District of Arizona.[1]  To the Extent that the Federal Rules of Civil Procedure differ from the Local Rules, the Federal Rules of Civil Procedure shall govern.

## II.   JOINING PARTIES AND AMENDING PLEADINGS

The deadline for joining parties, amending pleadings, and filing supplemental pleadings is **sixty (60) days** from the date of this Order.

## III.  DISCOVERY

**Initial Disclosures:**  All Initial Disclosures are defined in Rule 26(a) of the Federal Rules of Civil Procedure and shall be made no later than June 13, 2017.  The parties shall file with the Clerk of Court a Notice of Initial Disclosure, rather than copies of the actual disclosures.

**Discovery Deadline:**  All discovery must be completed on or before August 18, 2017.[2]

**Written Discovery Limitations:**  Each side may propound up to 25 interrogatories, including subparts.  The parties are also limited to 25 requests for production of documents, including subparts, and 25 requests for admissions, including subparts.  All interrogatories, requests for production of documents, and requests for admissions shall be served at least **forty-five (45) days** before the discovery deadline.[3]  Responses to discovery requests must be stated with specificity, and the parties are cautioned that the Federal Rules of Civil Procedure do not permit general or boilerplate objections.

---

[1] The Local Rules are available at:  http://www.azd.uscourts.gov/local-rules, and the Federal Rules are available at:  http://www.uscourts.gov/uscourts/rles/civil-procedure.pdf

[2] This Order governs and supersedes the "30 days before trial" disclosure deadline. *See* Fed.R.Civ.P. 26(a)(3).  The discovery deadline concludes the time to propound discovery, the time to answer all propounded discovery, the time to supplement disclosures and discovery, the time for discovery by subpoena, the time for the Court to resolve all discovery disputes, and the time to complete any final discovery necessitated by the Court's ruling on any discovery disputes.

[3] The parties may mutually agree in writing, without Court approval, to increase the discovery limitations or extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure.  Such agreed-upon increases or extensions, however, shall not alter or extend the discovery deadlines set forth in this Order.

**Deposition Limitations:** All depositions shall be scheduled to commence at least **five (5) working days** prior to the discovery deadline. A deposition commenced five (5) days prior to the deadline may continue up until the deadline, as necessary.

**Expert Disclosures:** No expert testimony will be presented in this matter.

**Discovery Disputes:** Motions on discovery matters are strongly discouraged. Parties shall not present any discovery dispute without first seeking to resolve the matter through personal consultation and sincere effort as required by LRCiv 7.2(j). If the parties cannot reach a resolution, they may jointly request Court assistance by filing a *Joint Motion for Discovery Dispute Resolution.* The motion shall set forth a joint statement of the discovery dispute and shall not exceed **three (3) pages** in length. The parties shall also attach to their motion written certification of compliance with LRCiv 7.2(j). Absent extraordinary circumstances, the Court will *not* entertain fact discovery disputes after the deadline for completion of fact discovery, and will *not* entertain expert discovery disputes after the deadline for completion of expert discovery.

## IV.  MOTIONS

**Dispositive Motion Deadline:** Dispositive motions shall be filed no later than September 15, 2017.

**Dispositive Motion Limitations:** Absent leave of Court, no party shall file more than one motion for summary judgment. To obtain leave of Court, a party shall file a motion setting forth the reasons justifying the filing of more than one summary judgment motion.

**Oral Argument:** The parties shall not notice oral argument on any motion. Instead, a party seeking oral argument shall place the words "Oral Argument Requested" immediately below the title of the Motion. *See* LRCiv 7.2(f). The Court will issue an order scheduling oral argument as it deems appropriate.

**Copies:** A paper copy of any document exceeding ten (10) pages in length shall be submitted to chambers promptly following its electronic filing. Paper copies of documents which are too large for stapling must be submitted in a three-ring binder.

Electronic copies of proposed orders or findings shall be emailed to chambers in Microsoft Word® format at Logan_Chambers@azd.uscourts.gov.

**Noncompliance:** All parties are specifically admonished that "[i]f a motion does not conform in all substantial respects with the requirements of [the Local Rules], or if the opposing party does not serve and file the required answering memoranda… such noncompliance may be deemed to consent to the denial or granting of the motion and Court may dispose of the motion summarily." LRCiv 7.2.

**V.   SETTLEMENT DISCUSSIONS**

All parties and their counsel shall meet in person and engage in good faith settlement talks no later than August 18, 2017. Upon completion of such settlement talks, and in no event later than **five (5) working days** after the deadline for settlement talks, the parties shall file with the Court a joint report on settlement talks executed by or on behalf of all counsel. The report shall inform the Court that good faith settlement talks have been held and shall report on the outcome of such talks. The parties shall indicate whether assistance from the Court is needed in seeking settlement of the case. The parties shall promptly notify the Court at any time when settlement is reached during the course of this litigation.

**VI.   FINAL PRETRIAL COFNERENCE**

If no dispositive motions are pending before the Court after the dispositive motion deadline has passed, Plaintiff shall file and serve a Notice of Readiness for Final Pretrial Conference within **seven (7) days** of the dispositive motion deadline. If a dispositive motion is pending before the Court following the dispositive motion deadline, Plaintiff shall file and serve a Notice of Readiness for Final Pretrial Conference within **seven (7) days** of the resolution of the dispositive motion. Following the filing of the Notice, the Court will issue an Order Setting Final Pretrial Conference that: (1) sets deadlines for beefing motions in limine; (2) includes a form for the completion of parties' joint proposed Final Pretrial Order; and (3) otherwise instructs the parties concerning their duties in preparing for the Final Pretrial Conference. A firm trial date will be set at the

1 | Final Pretrial Conference.

## ADVISAL

The parties are advised that the Court intends to enforce the deadlines and guidelines set forth in this Order, and they should plan their litigation activities accordingly. The Court emphasizes that it has a strict policy not to extend the dispositive motion deadline beyond the two-year anniversary of the date of commencement of an action. Even if all parties stipulate to an extension, the Court will not extend the deadlines absent good cause to do so. As a general matter, the pendency of settlement discussions or the desire to schedule mediation does not constitute good cause.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2017, I caused a true and correct copy of the foregoing document to be filed with the Clerk of the Court through the U.S. District Court Electronic Court Filing System, which caused notice of such filing to be sent electronically to the registered attorneys of record.

/s/ Debra L. Hitchens