Quarles & Brady LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ  85004-2391
TELEPHONE 602.229.5200

David E. Funkhouser III (#022449)
david.funkhouser@quarles.com
Julia J. Koestner (#031707)
Julia.koestner@quarles.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Flagstar Bank, FSB, a Michigan corporation;<br><br>          Plaintiff,<br><br>  vs.<br><br>Leighton Ward, an Arizona resident; Jeffrey Buhmiller, an Arizona resident; The Federal Postal Court, a purported federal court operating within Arizona;<br><br>          Defendants. | NO. 3:17-cv-08044-PCT-SPL<br><br>**MOTION FOR ENTRY OF JUDGMENT BY DEFAULT AND WITHOUT HEARING** |

Plaintiff, by and through its attorneys undersigned, hereby moves for the entry of Judgment against Defendants Leighton Ward and The Federal Postal Court (collectively, "Defendants") pursuant to Rule 55(b)(2), Federal Rules of Civil Procedure.  Entry of Default Judgment is appropriate for the following reasons.

This case involves a "sham" court which has exercised its non-existent jurisdiction in violation of Arizona's false recording statutes.  Specifically, under the guise of the "Federal Postal Court," Defendants have recorded two documents with the Mohave County Recorder which purport to (1) divest Plaintiff's interest in certain real property in Lake Havasu City, Arizona; and (2) enter a $10,394,552.00 "judgment" against Plaintiff. Plaintiff filed this Complaint for damages under A.R.S. § 33-420 and for a declaratory judgment declaring the recordings at issue to be fraudulent, groundless, and void.

Defendants have failed to plead or otherwise defend in this matter and are not minors or incompetent. (*See* Dkt. 19-1.) The Clerk of this Court entered default against Defendants on May 9, 2017. (Dkt. 20). Defendants have failed to respond or otherwise defend following the clerk's entry of default.

The Court may consider several factors when determining whether to grant default judgment. These include "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel V. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

These factors support granting of default judgment against Defendants. First, unless and until judgment is entered voiding the fraudulent recordings at issue in this case, Plaintiff's interest in certain real property in Lake Havasu City, Arizona may be prejudiced. Second, Plaintiff's claims regarding the fraudulent nature of "The Federal Postal Court" and "judgments" purported to be issued by the same are meritorious. *See, e.g.*, *Gilly v. Ocwen*, 2016 WL 868167, at *3 (D. Conn. Mar. 7, 2016) (holding that the "Federal Postal Court" is a sham). Third, the Complaint clearly sets out the basis for Plaintiff's claims and states viable causes of action under Arizona law and the Declaratory Judgment Act. Fourth, the $10M+ "judgment" fraudulently recorded against Plaintiff is a significant sum, and this Court's judgment will provide assurances that the "judgment" is invalid. Comparatively, the statutory damages sought by Plaintiff are minimal. Fifth, there is no possibility of a dispute concerning material facts because Defendants made the offending recordings part of the public record. Moreover, the District of Connecticut's ruling in the *Gilly v. Ocwen* matter involves the same Defendants. Defendants were on notice that a federal court considered judgments issued by the "Federal Postal Court" to be of no legal effect. Defendants nonetheless recorded in Arizona, and thereafter refused to release, documents affecting Plaintiff's interests. Sixth, Defendants' default was not due to

excusable neglect.  Defendants filed a document with the Court which purported to be an "Answer."  (Dkt. 11).  That document proliferated the nonsense and fraud at the base of this dispute, and the Court subsequently struck Defendants' Answer per Plaintiff's request.  (Dkt. 17.)  Defendants have thereafter failed to plead or otherwise defend.  <u>Seventh</u>, the strong policy favoring decisions on the merits is not offended by default judgment in this case because there can be no reasonable dispute as to the material facts at issue.

Entry of judgment by default against Defendants as requested herein does not require the Court to (a) conduct an accounting; (b) determine damages other than statutory damages; (c) establish the truth of any allegation by evidence; or (d) investigate any other matter.  Plaintiff seeks only statutory damages and a declaratory judgment regarding the validity of Defendants' fraudulent recordings.  Accordingly, Plaintiff request that default judgment be entered without a hearing.  If and when default judgment is entered, Plaintiff will thereafter move for an award of reasonable attorneys' fees and costs.

A proposed form of order is submitted herewith.

RESPECTFULLY SUBMITTED this 7th day of June, 2017.

QUARLES & BRADY LLP  
Renaissance One  
Two North Central Avenue  
Phoenix, AZ  85004-2391  

By */s/ Julia J. Koestner*  
David E. Funkhouser  
Julia J. Koestner  

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2017, I caused a true and correct copy of the foregoing document to be filed with the Clerk of the Court through the U.S. District Court Electronic Court Filing System, which caused notice of such filing to be sent electronically to the registered attorneys of record.

*/s/ Debra L. Hitchens*