Quarles & Brady LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ  85004-2391
TELEPHONE 602.229.5200

David E. Funkhouser III (#022449)
david.funkhouser@quarles.com
Julia J. Koestner (#031707)
Julia.koestner@quarles.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Flagstar Bank, FSB, a Michigan corporation; | NO. 3:17-cv-08044-PCT-SPL |
| Plaintiff, | **PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AGAINST DEFENDANT JEFFREY BUHMILLER** |
| vs. | |
| Leighton Ward, an Arizona resident; Jeffrey Buhmiller, an Arizona resident; The Federal Postal Court, a purported federal court operating within Arizona; | |
| Defendants. | |

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Plaintiff Flagstar Bank FSB ("Flagstar") hereby moves for an order granting judgment on the pleadings as against Defendant Jeffrey Buhmiller ("Buhmiller") and as to Counts One and Two of the Complaint. This motion is supported by the following memorandum of points and authorities and the pleadings on file.

**MEMORANDUM OF POINTS OF AUTHORITIES**

**I.     INTRODUCTION.**

This action arises from the fraudulent recording of two documents with the Mohave County Recorder. Those documents purport to (1) divest Flagstar of its interest in real property owned by Buhmiller; and (2) enter a judgment against Flagstar in Buhmiller's favor in the amount of $10,394,552.00. The documents were issued by

Defendant—the "Federal Postal Court"—and are signed by its "clerk"—Defendant Leighton Ward. The "Federal Postal Court," however, is a "sham entity" that is not affiliated with the federal government nor does it have any cognizable jurisdiction in this country. *See, e.g.*, *see also Gilly v. Ocwen*, 2016 WL 868167, at *3 (D. Conn. Mar. 7, 2016) (concluding that "the 'Federal Postal Court' is a sham").[1] To protect its interest in the real property at issue, Flagstar filed this action.

## II. LEGAL ARGUMENT.

### A. Standard For Deciding Motions For Judgment On The Pleadings.

"Judgment on the pleadings is proper when the moving party establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, a party is entitled to judgment as a matter of law." *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011) (citations and quotations omitted). Based on this standard, Flagstar is entitled to judgment on the pleadings as against Defendant Buhmiller.

### B. Buhmiller Has Admitted Facts Sufficient to Enter Judgment Against Him Under Arizona's False Recording Statute.

By Count One of the Complaint, Flagstar seeks damages arising from Defendants' fraudulent recording of documents. The Complaint contains a number of detailed allegations supporting Flagstar's claim for relief under A.R.S. § 33-420 (Arizona's false recording statute). Subsection (A) of that statute provides as follows:

> A person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is liable to the owner or beneficial title holder of the real property for the sum of not less than five

---

[1] Default has been entered in this matter against Defendants—the "Federal Postal Court" and Mr. Ward. [Dkt 20.]

thousand dollars, or for treble the actual damages caused by the recording, whichever is greater, and reasonable attorney fees and costs of the action.

Answering the Complaint, Buhmiller admits that "pursuant to A.R.S. § 33-420(A), Defendants are liable to Flagstar." [Dkt. 1 at 6 ¶ 36; Dkt. 15 at 1 ¶ 1 (admitting ¶ 36 of Complaint).] Buhmiller has therefore expressly admitted liability under A.R.S. § 33-420(A), which allows Flagstar to recover "the sum of not less than five thousand dollars, or for treble the actual damages caused by the recording, whichever is greater, and reasonable attorney fees and costs of the action."

In addition to this admission of liability under subsection (A), Buhmiller admits specific facts sufficient to establish as a matter of law that he is liable under subsection (C) of A.R.S. § 33-420, which provides:

> A person who is named in a document which purports to create an interest in, or a lien or encumbrance against, real property and who knows that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid shall be liable to the owner or title holder for the sum of not less than one thousand dollars, or for treble actual damages, whichever is greater, and reasonable attorney fees and costs as provided in this section, if he willfully refuses to release or correct such document of record within twenty days from the date of a written request from the owner or beneficial title holder of the real property.

Indeed, Buhmiller's Answer admits allegations establishing the following facts:

- Buhmiller is "named in a document which purports to create an interest in … real property."

  Buhmiller admitted Paragraph 18 of the Complaint, which alleges that the recorded "Writ" purports to vest Buhmiller with "100% of all rights, title, and interest of this property." [Dkt. 1 at 3 ¶ 18; Dkt. 15 at 1 ¶ 1 (admitting paragraph 18 of the Complaint).]

- Buhmiller "knows that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid."

  Buhmiller admitted Paragraphs 21 and 22 of the Complaint, which allege that Buhmiller received a Demand Letter regarding the fraudulent nature of the "Writ" and enclosing, among other things, a

federal court opinion declaring the "Federal Postal Court" to be a "sham." [Dkt. 1 at 4 ¶¶ 21–22 & Exh. 5; Dkt. 15 at 1 ¶ 1 (admitting paragraphs 21–22 of the Complaint).]

- Buhmiller is "liable to the owner or title holder" because he "wilfully refuse[d] to release or correct such document of record within twenty days from the date of a written request from the owner or beneficial title holder of the real property."

Buhmiller admitted Paragraphs 8 and 9 of the Complaint, which establish that Flagstar is an "owner or title holder." [Dkt. 1 at 2 ¶¶ 8–9; Dkt. 15 at 1 ¶ 1 (admitting paragraphs 8–9 of the Complaint).]

Buhmiller also admitting receiving correspondence dated January 12, 2017 demanding release of the "Writ." [Dkt. 1 at 4 ¶¶ 21–22 & Dkt. 1-1 at 21; Dkt. 15 at 1 ¶ 1 (admitting paragraphs 21–22 of the Complaint).]

Buhmiller did not release the "Writ" within twenty days of that January 12, 2017 request. In fact, he did not release the "Writ" until after being served in this lawsuit. [*See* Dkt. 15 at at 1 ¶ 4 ("I recorded a release of the "Judgement" [sic] and "Writ" on March 22, 2017 at Mohave County Recorder."]

Based on these admissions, no material issue of fact remains to be resolved as to Buhmiller's liability under A.R.S. 33-420(C), and he is liable "for the sum of not less than one thousand dollars, or for treble actual damages, whichever is greater, and reasonable attorney fees and costs as provided in this section."

### C. A Declaratory Judgment Is Also Warranted As A Matter Of Law.

For Count Two of its Complaint, Flagstar seeks a judgment declaring that the "Judgment" and "Writ" are groundless and void, as the "court" that issued them is not a legitimate court with jurisdiction over real property rights in Arizona.[2] *See Gilly*, 2016 WL 868167, at *3. The issue underlying Count Two is a simple matter of law, which the Court may resolve in a motion for judgment on the pleadings. *Lyon*, 656 F.3d at 883 ("A

---

[2] The Court may take judicial notice that neither the federal government, the State of Arizona, nor any other legitimate jurisdiction has vested the "Federal Postal Court" with any authority whatsoever. *E.g.*, *Cornucopia Products, LLC v. Dyson, Inc.*, 881 F. Supp. 2d 1086, 1089 (D. Ariz. 2012) ("[T]he Court may take judicial notice of matters of public record….").

e                -4-

judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, a party is entitled to judgment as a matter of law.").

The "Federal Postal Court" is clearly not a recognized court with any legal authority, and the "Judgment" and "Writ" it issued are thus groundless and void. *See* A.R.S. § 33-420(D) ("A document purporting to create an interest in, or a lien or encumbrance against, real property not authorized by statute, judgment or other specific legal authority is presumed to be groundless and invalid."). Flagstar requests, and is entitled to, a declaratory judgment to that effect. *See* 28 U.S.C. § 2201 ("In a case of actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.").

## III.   CONCLUSION.

The Answer filed by Buhmiller admits facts sufficient for the Court to determine that no material dispute of fact exist as to Flagstar's claim under A.R.S. § 33-420. Under subsections (A) and (C) of that statute, Flagstar is entitled to an award of statutory damages in the total amount of $6,000.

Flagstar's claim for Declaratory Judgment involves a question of law ripe for determination on the pleadings. The question whether the "Federal Postal Court" is a court of competent jurisdiction is abundantly clear: It is not, and the "Judgment" and "Writ" it purported to issue should be declared groundless and invalid.

Accordingly, Flagstar respectfully requests that the Court enter judgment in its favor on Counts One and Two of the Complaint as against Defendant Jeffrey Buhmiller. Upon entry of judgment, Flagstar will timely submit an application for an award of its attorneys' fees and costs as provided by A.R.S. § 33-420.

///

///

RESPECTFULLY SUBMITTED this 7th day of June, 2017.

        QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ  85004-2391

By */s/ David E. Funkhouser*
   David E. Funkhouser
   Julia J. Koestner

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2017, I caused a true and correct copy of the foregoing document to be filed with the Clerk of the Court through the U.S. District Court Electronic Court Filing System, which caused notice of such filing to be sent electronically to the registered attorneys of record.

*/s/ Debra L. Hitchens*