1
2
3
4
5
6                      IN THE UNITED STATES DISTRICT COURT
7                          FOR THE DISTRICT OF ARIZONA

8    Flagstar Bank, FSB,                )    No.  CV-17-08044-PCT-SPL
9                                        )
                       Plaintiff,        )
10   vs.                                 )    **ORDER**
11                                       )
     Leighton Ward, et al.,              )
12                                       )
                       Defendants.       )
13                                       )
14   _____ )

15          Plaintiff Flagstar Bank, FSB, has filed a motion for default judgment against
16   Defendants Leighton Ward and the Federal Postal Court pursuant to Rule 55(b) of the
17   Federal Rules of Civil Procedure. (Doc. 24.)

18   **I.     Background**

19          On March 14, 2014, Defendant Jeffrey Buhmiller obtained a home loan secured by
20   a deed of trust, which was duly recorded with the Mohave County Recorder's Office.
21   (Doc. 1 ¶¶ 7-8.) Flagstar Bank is the Trustee under the Deed of Trust and services the
22   loan. (Doc. 1 ¶ 9.) On October 31, 2016, the Federal Postal Court issued a Judgment,
23   which was signed by Ward. (Doc. 1-1 at 2.) The Judgment purported that Flagstar Bank
24   owed Buhmiller over $10 million. (Id.) Ward filed the document with the Mohave
25   County Recorder's Office, Fee# 2016049746. (Doc. 1-1 at 9.) On November 16, 2016,
26   the Federal Postal Court issued a Writ of Execution. (Doc. 1-1 at 4.) This document was
27   also signed by Ward and purported to "delete" Buhmiller's loan and "divest" Flagstar
28   Bank of any interest in the property secured by the Deed of Trust. (Id.) Ward filed the

Writ with the Mohave County Recorder's Office, Fee# 2016051854. (Id.)

On March 3, 2017, Flagstar Bank filed a Complaint against Defendants Leighton Ward, Jeffrey Buhmiller, and the Federal Postal Court asserting that they recorded false documents in violation of A.R.S. § 33-420, and seeking declaratory judgment invalidating the fraudulently-filed documents. (Doc. 1.) Flagstar Bank and Buhmiller have since reached a settlement. (Doc. 27.) On March 20, 2017, Ward filed a nonsensical document (Doc. 11), which was later stricken by the Court (Doc. 17). Defendants Leighton Ward and the Federal Postal did not otherwise answer or respond to the Complaint, and on May 9, 2017, the Clerk of Court entered default. (Doc. 20.) Flagstar Bank filed a motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure on June 7, 2017. (Doc. 24.) No response to the motion has been filed. For reasons that follow, the Court will grant Plaintiff's motion.

## II.    Discussion

Once a party's default has been entered, the district court has discretion to grant default judgment. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Factors the court may consider include (1) the possibility of prejudice to the plaintiff, (2) the merits of the claim, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts,  (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel v.McCool*, 782 F.2d 1470, 1471-72.  In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

### A.    Possible Prejudice to Plaintiff

The first *Eitel* factor weighs in favor of granting Plaintiff's motion. On March 24, 2017, the Court deemed Defendants Ward and the Federal Postal Court served as they had actual notice of the Complaint. (Doc. 14.) Defendants have not answered the Complaint or otherwise appeared in this action, except for a single document that did not respond to the charged levied against them. The Federal Postal Court appears to be a

sham and issues "judgments" without authority. *See Gilly v. Ocwen,* 2016 WL 868167 (D. Conn. Mar. 7, 2016) ("So far as I can tell, the 'Federal Postal Court' is a sham and no more than a product of fertile imagination."). Additionally, the Federal Postal Court has no courthouse or fixed location. If Plaintiff's motion for default judgment is not granted, Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

**B.      Merits of Plaintiff's Claims and the Sufficiency of the Complaint**

The second and third *Eitel* factors favor a default judgment where the complaint sufficiently states a claim for relief. *See Cal. Security Cans*, 238 F. Supp. 2d at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). The Complaint (Doc. 1), as summarized above, Plaintiff has stated valid causes of action against Defendants.

**C.      Amount of Money at Stake**

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct. *See Cal. Security Cans*, 238 F. Supp. 2d at 1176. Here, Plaintiff primarily seeks injunctive relief to clear title to the property that secures a loan. Plaintiff seeks statutory damages of $6,000 and reasonable attorneys' fees and costs under A.R.S. § 33-420. As the amount of money at stake is relatively small, this factor favors default judgment.

**D.      Possible Dispute Concerning Material Facts**

Given the sufficiency of the complaint and Defendants' default, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *Cal. Security Cans*, 238 F. Supp. 2d at 1177; *see Geddes*, 559 F.2d at 560.

**E.      Whether Default Was Due to Excusable Neglect**

Defendants were served with the summons and the Complaint. (Doc. 14.) Furthermore, Defendants had actual notice of the Complaint. It therefore is "unlikely that [Defendants'] failure to answer and the resulting default was the result of excusable neglect." *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008).

**F.      The Policy Favoring a Decision on the Merits**

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *Cal. Security Cans*, 238 F. Supp. at 1177 (citation omitted). Moreover, Defendants' failure to answer or otherwise respond to the Complaint "makes a decision on the merits impractical, if not impossible." *Id.* The Court, therefore, is not precluded from entering default judgment against Defendants. *See id.*; *Gemmel*, 2008 WL 65604 at *5.

**III.      Conclusion**

Having reviewed Plaintiff's motion, and having considered the *Eitel* factors as a whole, the Court concludes that the entry of default judgment is appropriate. The Court will grant default judgment against Defendants Leighton Ward and the Federal Postal Court.  Accordingly,

**IT IS ORDERED** that Plaintiff's motion for default judgment (Doc. 24) is **granted**. Default Judgment is entered in favor of Plaintiff Flagstar Bank, FSB, against Defendants Leighton Ward and the Federal Postal Court on Counts I and II of the Complaint.

**IT IS FURTHER ORDERED** that, in Count I, Plaintiff is awarded statutory damages in the amount of $6,000 pursuant to A.R.S. § 33-420(A), (C), plus post-judgment interest. Reasonable attorneys' fees and costs will be addressed upon timely submission of the application.

**IT IS FURTHER ORDERED** that, in Count II, pursuant to 28 U.S.C. § 2201 *et seq.*, the Court declares as follows: The documents recorded with the Mohave County Recorder's Officer, identified as Fee# 2016049746 and 2016051854, styled respectively as a "Judgment" and "Writ of Execution" issued by "The Federal Postal Court" are fraudulent, groundless, and void. Title to the property commonly known as 2791

1    Cumberland Drive, Lake Havasu City, Arizona, is hereby cleared as to those recordings.

2          Dated this 12th day of July, 2017.

3

4                                     Honorable Steven P. Logan

5                                     United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28